I hereby certify that this Order was served by First Class mail postage prepaid, to Plaintiff L. Wilson, at his address of record in this action on this date.

Dated: January 10, 2013

J. Holmes /s/
**DEPUTY CLERK**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIOUS WILSON,<br><br>           Plaintiff,<br>  v.<br><br>DEPUTY COSIO, No. 495876,<br><br>           Defendant. | Case No. CV 12-09724-GW (OP)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## PROCEEDINGS

On December 5, 2012, Lucious Wilson ("Plaintiff") filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint"), after having been granted leave to proceed *in forma pauperis*. (ECF No. 3.)

The Complaint names Los Angeles County Sheriff's Deputy Cosio, number 495876, as the sole Defendant. Although unclear, Plaintiff appears to allege a Fourth Amendment excessive force claim based on the allegation that on August 11, 2011, Defendant Cosio shot Plaintiff in the face with a stun bag, shattering numerous bones in Plaintiff's face. The alleged excessive use of force took place while Plaintiff was seated alone inside a McDonald's restaurant. Plaintiff sues

Defendant Cosio in his individual and official capacities. Plaintiff seeks damages. (Compl. at 3, 5-5a.)

## II.

## DISCUSSION

A.  **Standard of Review.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." See id. § 1915(e)(2)(B)(ii). When screening under § 1915(e)(2), the Court uses the same standard applied in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A Rule 12(b)(6) motion tests the formal sufficiency of a statement of claim for relief. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's allegations of material fact must be taken as true and construed in the light most favorable to the plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).

Under Rule 8(a)(2) of the Federal Rule of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has explained the pleading requirements of Rule 8(a)(2) and the requirements for surviving a Rule 12(b)(6) motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); Moss v. U.S. Secret Service, 572 F.3d 962 (9th Cir. 2009).

With respect to a plaintiff's pleading burden, the Supreme Court held that while a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 550 U.S. at 553-56 (citations and footnote omitted), abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (dismissal under Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."); see also Iqbal, 129 S. Ct. at 1949; Erickson, 551 U.S. at 93; Moss, 572 F.3d at 968.

In order to comply with the requirements of Rule 8(a)(2) and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl., 550 U.S. at 556). This plausibility standard is not a probability requirement, but does ask for more than mere

possibility; if a complaint pleads facts "merely consistent with" a theory of liability, it falls short of "the line between possibility and plausibility." Id. (quoting Bell Atl., 550 U.S. at 557).

The Supreme Court has set out a two-pronged approach for reviewing a possible failure to state a claim. Id. at 1949-50; see also Moss, 572 F.3d at 969-70. First, the reviewing court may identify those statements in a complaint that are actually conclusions, even if presented as factual allegations. Id. Such conclusory statements (unlike proper factual allegations) are not entitled to a presumption of truth. Id. In this context it is the conclusory nature of the statements (rather than any fanciful or nonsensical nature) "that disentitles them to the presumption of truth." Id. at 1951. Second, the reviewing court presumes the truth of any remaining "well-pleaded factual allegations," and determines whether these factual allegations and reasonable inferences from them plausibly support a claim for relief. Id. at 1950; see also Moss, 572 F.3d at 969-70.

The Court is not concerned at this stage with "whether a plaintiff will ultimately prevail" but with whether he is entitled to offer evidence to support his claims. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 960 (9th Cir. 2009) (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). However, a complaint consisting of unintelligible, narrative ramblings fails to state a claim for relief. See McHenry v. Renne, 84 F.3d 1172, 1176-79 (9th Cir. 1996); see also Awala v. Roberts, No. 07-0179 JSW (PR), 2007 WL 174404, at *1 (N.D. Cal. Jan. 22, 2007); Fed. R. Civ. P. 8(a)(1), (2), (d)(1).

Although the scope of review generally is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). Exhibits that contradict the allegations of a complaint may fatally undermine those

allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1187 (2001) (a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims.").

If the court finds that a complaint should be dismissed for failure to state a claim, the court may dismiss with or without leave to amend. Lopez, 203 F.3d at 1126-30. Leave to amend should be granted if it appears that defects can be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). If, however, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11.

**B.      The Complaint is Subject to Dismissal for Failure to State a Monell Claim.**

A state is not a "person" within the meaning of 42 U.S.C. § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 69-71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). In a § 1983 case, an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Local governmental units, such as counties or municipalities, are "persons" within the meaning of § 1983. Will, 491 U.S. at 69-71; Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Hervey v. Estes, 65 F.3d 784, 791 (9th Cir. 1995). However, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. Board of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate

indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. <u>Plumeau v. School Dist. No. 40 County of Yamhill</u>, 130 F.3d 432, 438 (9th Cir. 1997).

In the Complaint, Plaintiff sues Defendant Cosio in his individual and official capacities. (Compl. at 3.) Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." <u>Hafer v. Melo</u>, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (citations omitted). Here, the entity would be the County of Los Angeles. Liability based on a municipal policy may be satisfied one of three ways: (1) by alleging and showing that a city or county employee committed the alleged constitutional violation under a formal governmental policy or longstanding practice or custom that is the customary operating procedure of the local government entity,[1] (2) by establishing that the individual who committed the constitutional tort was an official with final policymaking authority and that the challenged action itself was an act of official governmental policy which was the result of a deliberate choice made from among various alternatives, or (3) by proving that an official with final policymaking authority either delegated policymaking authority to a subordinate or ratified a subordinate's unconstitutional decision or action and the basis for it. <u>See</u> <u>Fuller</u>, 47 F.3d at 1534; <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1346-47 (9th Cir. 1992). The Complaint does not contain any allegations that the alleged constitutional violation resulted from a municipal policy as a moving force behind such acts, that an individual with official policy-making authority committed the constitutional

---

[1] A "policy" giving rise to liability cannot be established merely by identifying a policymaker's conduct that is properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. <u>See</u> <u>Brown</u>, 520 U.S. at 404.

tort, or that an official with final policy making authority ratified the act of a subordinate or delegated the act to a subordinate. Thus, the Complaint is subject to dismissal for failure to state a <u>Monell</u> claim.

## III.
## ORDER

Based on the foregoing, the Court dismisses the Complaint with leave to amend. <u>Cato</u>, 70 F.3d at 1105-06.

If Plaintiff still wishes to pursue this action, he shall have thirty (30) days from the date of this Order within which to file a First Amended Complaint ("FAC"), attempting to cure the defects in the Complaint. The FAC shall be complete in itself and must remedy the deficiencies discussed. Plaintiff may not use "et al." in the caption but must name each defendant against whom claims are stated. Furthermore, Plaintiff must use the blank Central District Civil Rights Complaint form accompanying this order, must sign and date the form, must completely and accurately fill out the form, and must use the space provided in the form to set forth all of the claims that he wishes to assert in his FAC. The FAC shall not refer to the prior Complaint.

Failure to comply with these requirements may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. Failure to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

The Clerk is directed to provide Plaintiff with a blank Central District civil rights complaint form.

**IT IS SO ORDERED.**

DATED: January 10, 2013

                                      HONORABLE OSWALD PARADA
                                      United States Magistrate Judge